IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 18–cv–02319–KMT

H.J. SOTO,

    Plaintiff,

v.

OFC. MATTHEWS, FCI-ENGLEWOOD, being sued in his individual capacity,
OFC. CYR, FCI-ENGLEWOOD, being sued in his individual capacity,
UNITED STATES OF AMERICA,

    Defendants.

---

# ORDER

---

This matter is before the court on Defendants' "Motion for Summary Judgment for Failure to Comply with the FTCA Statute of Limitations and for Failure to Exhaust Administrative Remedies for the *Bivens* Claims" (Doc. No. 21 [Mot.], filed March 25, 2019). Plaintiff responded, and Defendants replied. (Doc. No. 29 [Resp.], filed April 15, 2019; Doc. No. 30-1 [Reply], filed May 2, 2019.)

## SUMMARY OF CASE

Plaintiff, proceeding *pro se*, filed his amended Prisoner Complaint on November 23, 2018. (Doc. No. 21 [Compl.].) Senior District Court Judge Lewis T. Babcock dismissed the case in part, pursuant to 28 U.S.C. § 1915A(a), on December 7, 2018. (Doc. No. 13, Order to Dismiss in Part and to Draw Case [Judge Babcock's Order].) Plaintiff's Eighth Amendment claim pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S.

388 (1971), asserted against Defendants Matthews and Cyr, and his Eighth Amendment claim against the United States pursuant to the Federal Tort Claims Act ("FTCA") remain. (*Id.*)

Plaintiff alleges in the amended Prisoner Complaint that Defendant Matthews hit him in the back a number of times while he was being escorted to his cell. (Compl. at 8.) He further alleges that Defendant Matthews had seen multiple surgical scars on Plaintiff's back prior to the assault and that the assault resulted in excruciating pain in his spinal area. (*Id.*) Plaintiff maintains that Defendant Cyr participated in the use of excessive force by instigating the assault and encouraging Defendant Matthews by yelling, "Yeah, fuck his ass up." (*Id.*)

## STANDARD OF REVIEW

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994) (citing *Celotex*, 477 U.S. at 325). The nonmoving party may not rest solely on the allegations in the pleadings, but must instead designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see also* Fed. R. Civ. P. 56(c). A disputed fact is "material" if "under the substantive law it is essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir.1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party.

*Thomas v. Metropolitan Life Ins. Co.*, 631 F.3d 1153, 1160 (10th Cir. 2011) (citing *Anderson*, 477 U.S. at 248).

When ruling on a motion for summary judgment, a court may consider only admissible evidence. *See Johnson v. Weld County, Colo.*, 594 F.3d 1202, 1209–10 (10th Cir. 2010). The factual record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment. *Concrete Works*, 36 F.3d at 1517. The following axioms have a bearing on summary judgment disposition—*i.e.*, (1) that "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); (2) "the defendant should seldom if ever be granted summary judgment where his state of mind is at issue and the jury might disbelieve him or his witnesses as to this issue" *id.* at 256; and (3) "the plaintiff, to survive the defendant's motion, need only present evidence from which a jury might return a verdict in his favor." *Id.* at 257.

Moreover, because Plaintiff is proceeding *pro se*, the court, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). At the summary judgment stage of litigation, a plaintiff's version of the facts must find support in the record. *Thomson v. Salt Lake Cnty.*, 584 F.3d 1304, 1312 (10th Cir. 2009). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of

ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Thomson*, 584 F.3d at 1312.

## ANALYSIS

**A.     *Statute of Limitations***

Defendants argue that Plaintiff's claims are barred by the FTCA statute of limitations.

***1.     Statement of Undisputed Facts*[1]**

a.      On November 10, 2017, Plaintiff submitted an administrative tort claim concerning the alleged assault on May 25, 2017, at FCI Englewood. (Mot., Ex. 1 [Wiencek Decl.], ¶ 19 and Attach. 3.)

b.      The BOP denied Plaintiff's administrative tort claim in a denial letter dated February 16, 2018. (*Id.*, ¶ 20 and Attach. 4, Tort Claim TRT-NCR-2018-02500.)

c.      The denial letter informed Plaintiff that if he was "dissatisfied with our agency's action, you may file suit in an appropriate U.S. District Court no later than 6 months after the date of mailing of this notification." (Ex. 1, Attach. 4.)

d.      The denial letter was sent by certified mail to Plaintiff on February 21, 2018. (Ex. 5, ¶ 21 and Attach. 5, certified mail receipt for "18-2500," tracking number 70160910000117623909; Attach. 6, Unit Certified/Accountable Insured and Registered Mail Log for Delta Unit at FCI Fairton, showing Plaintiff signed for certified mail from Florence, Colorado, tracking number 70160910000117623909, on February 27, 2018.)

---

[1] Plaintiff's response consists of copies of documents filed in this case, a few of which contain Plaintiff's handwritten notes. (*See* Resp.) These handwritten notes (*see*, *e.g.*, *id.* at 1-3, 19, 23, 25) do not correlate with the specific facts set forth by Defendants in support of their motion, nor are they responsive to the facts Defendants have supported with admissible evidence.

4

e. Plaintiff did not file this lawsuit until September 10, 2018, when he sent a "letter" to the Honorable Christine Arguello about a tort claim. (Doc. No. 1.)

## 2. *Statute of Limitations Defense*

"The statute of limitations is an affirmative defense, so the defendant, as the moving party, bears the burden of demonstrating that there is no material fact in dispute on the issue of whether the statute of limitations bars the claim." *Robert L. Kroenlein Trust v. Kirchhefer*, 764 F.3d 1268, 1274 (10th Cir. 2014) (citing *Prince v. Farmers Ins. Co.*, 982 F.2d 529 (10th Cir. 1992) (internal citations omitted)).

The statute of limitations under the FTCA establishes two deadlines. First, "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues," and second, a suit must be brought in federal court "within six months" after the agency issues a final denial of the claim:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). The Supreme Court has emphasized that an FTCA claim is " 'forever barred' unless it is presented to the 'appropriate Federal agency within two years after such claim accrues' *and then* brought to federal court 'within six months' after the agency acts on the claim." *United States v. Kwai Fun Wong*, 575 U.S. 402, 405 (2015) (internal citation omitted).

Here, it is undisputed Plaintiff failed to meet the second prong of the FTCA statute of limitations, which required that he file this lawsuit within six months of the date the BOP mailed

the letter notifying him of the final denial of his administrative tort claim. Plaintiff's FTCA claim is "forever barred" because he did not file this lawsuit on or before August 21, 2018—six months after the date of mailing, by certified mail, of the notice of the BOP's final denial of his administrative claim. 28 U.S.C. § 2401(b); *Kwai Fun Wong*, 575 U.S. at 405.

Defendants are granted summary judgment on Plaintiff's FTCA claim.

**B.      *Failure to Exhaust***

Defendants also argue that they are entitled to summary judgment on Plaintiff's claims because he did not exhaust all mandatory administrative remedies as to the *Bivens* claims.

   *1.      Statement of Facts*

   a.      Plaintiff filed an administrative remedy about the alleged May 25, 2017 assault. (Mot., Ex. 1, ¶ 12 [discussing initiation of Administrative Remedy No. 918816].)

   b.      Plaintiff completed the administrative-remedy process for Administrative Remedy No. 918816 at the institutional and Regional levels. (*Id.*, ¶¶ 13–16.)

   c.      Plaintiff did not appeal to the BOP's Central Office, the final level of review for administrative-remedy filings. (*Id.*, ¶ 17.)

   *2.      Failure to Exhaust Defense*

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has held that the PLRA directs that "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). The PLRA's exhaustion requirement "suggests no limits on an inmate's obligation to exhaust— irrespective of any 'special circumstances.' And that mandatory language means a court may not

excuse a failure to exhaust, even to take such circumstances into account." *Ross v. Blake*, 136 S.Ct. 1850, 1856–57 (2016). The defendant bears the burden to prove the affirmative defense of failure to exhaust administrative remedies. *See Jones*, 549 U.S. at 212. The exhaustion requirement applies to all suits regarding prison life, whether they challenge general circumstances or particular episodes, including any claims for monetary damages. *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001).

Requiring proper exhaustion "provides prisons with a fair opportunity to correct their own errors." *Woodford v. Ngo*, 548 U.S. 81, 93–94 (2006). Exhaustion "affor[ds] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Id.*; *see also Kikumura v. Osagie*, 461 F.3d 1269, 1283 (10th Cir. 2006) (The grievance complaining of the alleged wrong must provide prison officials with "a fair opportunity to consider the grievance" and also must enable prison officials to "tak[e] appropriate measures to resolve the complaint internally.").

An inmate must present his grievance by means of the Bureau of Prison's ("BOP") four-step administrative remedy program. 28 C.F.R. §§ 542.10–542.19. (Mot., Ex. 1, ¶ 5.) In Step 1, the inmate must attempt informal resolution of his complaint with the appropriate BOP staff member by filing an Informal Resolution Form ("BP-8"). 28 C.F.R. § 542.13. If no resolution is achieved, the inmate must file at the institution level an Administrative Remedy Request ("BP-9") within 20 calendar days of the event giving rise to the grievance. *Id.* § 542.14. If the inmate is not satisfied with the outcome at Step 2, he must file an appeal ("BP-10") to the Regional Director within 20 days. *Id.* § 542.15(a). If the inmate's Step 3 appeal is unsuccessful, he must file an appeal ("BP-11") to the General Counsel in the BOP's Central Office within 30 days. *Id.*

§ 542.15(a). The General Counsel has 40 days to respond to the BP-11 appeal, and may extend the response time by 20 days. *Id.* § 542.18.

Importantly, an inmate must complete the mandatory exhaustion process before filing his claim in court. *Jones*, 549 U.S. at 202; *Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th Cir. 2002); *Ruppert v. Aragon*, 448 F. App'x 862, 863 (10th Cir. 2012) ("Since the PLRA makes exhaustion a precondition to filing a suit, an action brought before administrative remedies are exhausted must be dismissed without regard to concern for judicial efficiency."); *see also Snyder v. Harris*, 406 F. App'x 313, 317 (10th Cir. 2011) ("An inmate is not permitted to complete the administrative exhaustion process after he files suit."). An "inmate who begins the grievance process but does not complete it is barred from pursuing a . . . claim under the PLRA for failure to exhaust his administrative remedies." *Jernigan*, 304 F.3d at 1033.

It is undisputed that Plaintiff started, but did not finish, the administrative remedy process. Thus, his Eighth Amendment *Bivens* claims against Defendants Matthews and Cyr are unexhausted. Accordingly, he is barred from pursuing those claims in court. *Jernigan*, 304 F.3d at 1033 (holding an "inmate who begins the grievance process but does not complete it is barred from pursuing a . . . claim under the PLRA for failure to exhaust his administrative remedies").

Defendants are granted summary judgment on Plaintiff's FTCA claim.

**WHEREFORE**, for the foregoing reasons, it is

**ORDERED** that Defendants' "Motion for Summary Judgment for Failure to Comply with the FTCA Statute of Limitations and for Failure to Exhaust Administrative Remedies for the *Bivens* Claims" (Doc. No. 21) is **GRANTED**. Judgment shall enter in favor of the

defendants and against the plaintiff on all claims for relief and causes of action asserted in this case. It is further

ORDERED that Plaintiff's "Motion for Appointment of Counsel" (Doc. No. 33) is DENIED as moot.

Dated this 12th day of March, 2020.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge